IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LONNIE D. MORRIS,**

       **Plaintiff,**

**v.**                                                                                                         Civil No. 3:12cv73
                                                                                                         (Judge Groh)

**UNITED STATES OF AMERICA,**

       **Defendant.**

## REPORT AND RECOMMENDATION

On August 9, 2012, the plaintiff filed a complaint against the United States of America, the Federal Bureau of Prisons Medical Department and eight individual defendants. A review of the complaint indicated that the plaintiff was pursuing relief under both the Federal Tort Claims Act ("FTCA") and a civil rights claim pursuant to <u>Bivens v. Six Unknown Names Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). However, because the standard of proof for each claim is different, and they constitute two separate causes of action, they must be filed separately. Accordingly, on August 24, 2012, the Clerk of Court was directed to send the plaintiff this Court's complete form packet for filing a FTCA and complete form packet for filing a <u>Bivens</u> action. The plaintiff was afforded twenty-eight days to complete the packets and return them to this Court. In the event that the plaintiff desired to pursue only one cause of action, he was directed to complete the appropriate packet and note "sole claim" on the completed complaint. On September 17, 2012, the plaintiff filed a FTCA complaint and noted that it was his sole claim. On September 19, 2012, the plaintiff was granted leaved to proceed *in forma pauperis* and directed to pay an initial partial filing fee of $26.19. Although the plaintiff filed objections to the IFP order, he paid the required initial fee on October 15, 2012. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P

83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

## I. THE COMPLAINT

In his complaint, the plaintiff alleges that on July 19, 2009, he was participating in a recreational softball game and severely injured his left hand while trying to tag out an opponent. More specifically, the plaintiff alleges that his left hand caught the outside of the runner's foot, and the impact f rom his cleated foot crushed his hand. The plaintiff further alleges on October 7, 2009, after two and one half months, he was finally seen for a follow-up interview regarding his triage sick-call request. Upon seeing Nurse Joshua Hall, the plaintiff advised him that his hand was broken and it needed to be x-rayed. Apparently, an x-ray was taken, and the plaintiff was prescribed a hand brace and instructed to wear it for six weeks. On December 18, 2009, Clinical Director Ellen Mace-Leibson advised the plaintiff that his hand had healed correctly and did not need to be re-broken. The plaintiff maintains that Mace-Leibson made this determination without the benefit of further x-rays. The plaintiff contends that the medical practitioners had a duty to timely and adequately provide him with medical care. The plaintiff further contends that the medical practitioners breached their duty when they failed to timely and adequately treat his hand injury which has caused him severe pain. The plaintiff alleges that the breach of their duty constitutes negligence, inadequate medical case, and deliberate indifference. Finally, the plaintiff alleges that under the FTCA, the defendant United States of America, is liable to the plaintiff for the unlawful actions of the medical personnel because they were acting within the scope of their employment as medical practitioner's at FCI Gilmer. For relief, the plaintiff seeks $1,000,000 in compensatory damages and $1,000,000 in punitive damages.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28

U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. ANALYSIS

#### A. Exhaustion of Administrative Remedies

The disposition of a tort claim by a federal agency is a prerequisite to initiating suit in the district court. 28 U.S.C. § 2675. Section 2675(a) states:

> [a]n action shall not be instituted . . . against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee . . . while acting within the scope of . . . employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section.

---

[1] Id. at 327.

A claim is deemed presented "when a federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). Further, the statutory purpose of requiring an administrative claim is satisfied so long as "a claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability . . . "

A review of plaintiffs' administrative tort claim[2] shows that he alleged virtually the same set of facts as in the instant complaint. FTCA claims are subject to a statute of limitations. See 28 U.S.C. § 2401 ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues."). However, the plaintiff''s Standard Form 95 is not dated nor signed, and therefore, it is impossible to tell whether the plaintiff filed it within the requisite two year statute of limitations. In addition, the plaintiff has not attached the response letter from the BOP, and again, the Court has know way of knowing if the claim was actually denied, nor whether the plaintiff waited the requisite six-months before filing his FTCA with this Court. Moreover, the plaintiff did not specify the amount of his claim for injury. However, even if the plaintiff did file his Standard Form 95 within the two year statute of limitations and said claim was denied, or a response was not given by the BOP within six months, this action is still due to be dismissed..

B. **Failure to State a Claim**

The FTCA waives the federal governments' traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). "The statute permits the United States

---

[2] For a copy of plaintiff's administrative tort claim, see (Doc. 12, p.11).

4

to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Because all of the alleged negligent acts occurred in West Virginia, the substantive law of West Virginia governs this case.

1. Medical Negligence

To establish a medical negligence claim in West Virginia, the plaintiff must prove:

> (a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (b) such failure was a proximate cause of the injury or death.

W.Va. Code § 55-7B-3. When a medical negligence claim involves an assessment of whether or not the plaintiff was properly diagnosed and treated and/or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required. Banfi v. American Hospital for Rehabilitation, 529 S.E.2d 600, 605-606 (2000).

Additionally, under West Virginia law, certain requirements must be met before a health care provider may be sued. W.Va. Code §55-7B-6. This section provides in pertinent part:

> **§ 55-7B-6. Prerequisites for filing an action against a health care provider; procedures; sanctions**
> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of

evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

This Court previously held that compliance with W.Va. Code §55-7B-6 is mandatory prior to filing suit in federal court. See Stanley v. United States, 321 F.Supp.2d 805, 806-807 (N.D.W.Va.2004).[3]

With regard to the appropriate standard of care, plaintiff has completely failed to sustain his burden of proof. Plaintiff does not assert, much less establish, the standard of care for the diagnosis or treatment of a broken hand.[4] Under the circumstances of this case, plaintiff would be required to produce the medical opinion of a qualified health care provider in order to raise any genuine issue of material fact with respect to the defendant's breach of the duty of care. Moreover, there is nothing in the complaint which reveals that the plaintiff has met the notice requirements of W.Va. Code §55-7B-6. Accordingly, because the plaintiff has no chance of success, this matter should be dismissed as frivolous.

### VI. Recommendation

For the reasons set forth in this Order, it is recommended that the individual defendants be

---

[3] In Stanley, the plaintiff brought suit against the United States alleging that the United States, acting through its employee healthcare providers, was negligent and deviated from the "standards of medical care" causing him injury.

[4] Plaintiff offers no pleadings, affidavits, or declarations from any medical professional that establishes the applicable community standards for the diagnosis or treatment of a broken hand.

dismissed, and the United States remain as the proper defendant in this case. Moreover, it is recommended that the plaintiff's Complaint be **DISMISSED WITH PREJUDICE.**

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[5]

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff and any counsel of record.

Dated:10-16-2012

 _____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

---

[5] 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).