# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**LONNIE D. MORRIS,**

    Plaintiff,

v.                                               **CIVIL ACTION NO. 3:12-CV-73**
                                                     **(JUDGE GROH)**

**UNITED STATES OF AMERICA,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation (R & R) of United States Magistrate Judge David J. Joel. Magistrate Judge Joel filed his R & R [Doc. 21] on October 16, 2012. In that filing, the magistrate judge recommends that this Court dismiss with prejudice the Plaintiff's Complaint.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to review *de novo* those portions of the magistrate judge's findings to which objections are made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d

1

91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R & R were due within fourteen (14) days after service of the R & R pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The Plaintiff accepted service on October 18, 2012 [Doc. 22]. The Plaintiff timely filed his objections on November 2, 2012 [Doc. 23]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objections are made. The Court will review the remainder of the R & R for clear error.

## I. Factual Allegations

The Plaintiff, Lonnie D. Morris, alleges in his Complaint that on July 19, 2009, while he was incarcerated at F.C.I. Gilmer, he participated in a recreational softball game and severely injured his left hand while trying to tag out an opponent. On October 7, 2009, after almost two and one half months from the date of the injury, the Plaintiff alleges he was finally seen for a follow-up visit regarding his triage sick-call request. At the follow-up visit, the Plaintiff met with Nurse Joshua Hall. The Plaintiff told Nurse Hall his hand was broken and needed x-rayed. After an x-ray was taken, the Plaintiff was prescribed a hand brace and ordered to wear it for six weeks. On December 18, 2009, Clinical Director Ellen Mace-Leibson advised the Plaintiff that because his hand had healed correctly, it did not need to be re-broken. The Plaintiff contends that this determination was made without the benefit of additional x-rays.

The Plaintiff argues that the medical practitioners had a duty to timely and adequately provide him with medical care. The Plaintiff further contends that the medical practitioners breached their duty when they failed to timely and adequately treat his hand

2

injury which caused him severe pain.  The Plaintiff contends that the breach of Defendants' duty constitutes negligence, inadequate medical care, and deliberate indifference.  Last, the Plaintiff alleges that under the FTCA, the Defendant United States of America is liable to the Plaintiff for the unlawful actions of the medical personnel because they were acting within the scope of their employment as medical practitioner's at F.C.I. Gilmer.  The Plaintiff seeks $1,000,000 in compensatory damages and $1,000,000 in punitive damages.

## II.  Procedural History

On August 9, 2012, the Plaintiff filed a Complaint against the United States of America, the Federal Bureau of Prisons Medical Department, and eight individual Defendants.  In the Complaint, the Plaintiff pursued relief under both the FTCA and a civil rights claim pursuant to *Bivens*.  However, because the standard of proof for each claim is different, they constitute two separate causes of action that must be filed separately.  On August 24, 2012, the Court ordered the Plaintiff to either file two separate complaints or indicate which claim he wished to pursue [Doc. 10].

In accordance with the magistrate judge's Order, the Clerk of Court sent the Plaintiff the Court's complete form packet for filing a FTCA and complete form packet for filing a *Bivens* action.  The Plaintiff had twenty-eight days to complete the packets and return them to the Court.  If the Plaintiff desired to pursue only one cause of action, he was directed to complete the appropriate packet and note "sole claim" on the completed Complaint.  On September 17, 2012, the Plaintiff filed a FTCA Complaint and noted that it was his sole claim [Doc. 12].

By order dated September 19, 2012, the Plaintiff was granted leave to proceed *in*

*forma pauperis* and directed to pay an initial partial filing fee of $26.19 within twenty-eight days of the entry of the order [Doc. 17].  The Plaintiff filed his objection to the order on October 9, 2012 [Doc. 19], but he paid the required initial fee on October, 15, 2012 [Doc. 20].  Magistrate Judge Joel made an initial review of the matter and issued his R & R on October 16, 2012 [Doc. 21].  The Plaintiff received service of the R & R on October 18, 2012 [Doc. 22].  The Plaintiff filed his objections to the R & R on November 2, 2012 [Doc. 23].  Thus, this issue is properly before the Court for its review.

### III. Standard of Review

Because the Plaintiff is a prisoner seeking relief from a governmental entity or employee, the Court must review the Complaint to determine whether it is frivolous or malicious.  **28 U.S.C. § 1915A(a).**  Upon the Court's review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  **28 U.S.C. § 1915A(b).**  Additionally, because the Plaintiff is *pro se*, the Court must construe his pleadings liberally.  **Haines v. Kerner**, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972).

A complaint is frivolous if it is without arguable merit either in law or in fact.  **Neitzke v. Williams**, 490 U.S. 319, 325 (1989).  However, a complaint which fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is not automatically frivolous.  *Id.* at 328.  Thus, under the frivolous inquiry, a court may "dismiss a claim based on an indisputably meritless legal theory, but also . . . dismiss those claims whose factual contents are clearly baseless."  See *id.* at 327.

4

For a complaint to survive an inquiry pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, a complaint must contain factual allegations sufficient to state a plausible claim for relief. **Ashcroft v. Iqbal**, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966 (2007). Although the Court must accept factual allegations in a complaint as true, it need not accept the plaintiff's legal conclusions. **Francis v. Giacomelli**, 588 F.3d 186, 193 (4th Cir. 2009).

## IV. <u>Discussion</u>

In his Objections [Doc. 23], the Plaintiff presents two arguments. First, the Plaintiff argues that he properly exhausted his administrative remedies. Second, the Plaintiff contends that his noncompliance with W. Va. Code § 55-7B-6 is not fatal to his claim. In support of Plaintiff's second argument, he states that a screening certificate of merit is not required because the exception provided in W. Va. Code § 55-7B-6(c) is applicable.

**A.  Exhaustion of Administrative Remedies**

Section 2675 of Title 28 requires a Plaintiff to first exhaust all available administrative remedies. **28 U.S.C. § 2675(a)**. The Supreme Court noted that the FTCA clearly requires the exhaustion of administrative remedies. **McNeil v. United States**, 113 S. Ct. 1980, 1984, 508 U.S. 106, 113 (1993). Although *pro se* prisoners' pleadings are to be liberally construed, the Supreme Court firmly stated it has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id. See* **Haines**, 404 U.S. at 520, 92 S. Ct. at 595 (holding that *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by

5

lawyers.").

A claim is deemed presented when "a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident . . . ." **28 C.F.R. § 14.2(a)**. If the agency denies the inmate's claim, he may file suit in the district court within six months of the mailing of the denial. **28 C.F.R. § 14.9(a)**. Additionally, the FTCA requires that a claim be presented to the appropriate agency within two years after the claim accrues. **28 U.S.C. § 2401(b)**.

After this Court's review of Plaintiff's administrative claims, the Plaintiff submitted a Standard Form 95 to demonstrate that he exhausted his administrative remedies. However, the form lacks two very important items: the Plaintiff's signature and a date. Because there is no date, the Court cannot determine whether the Plaintiff filed it within the requisite two year statute of limitations, whether the claim was denied by the BOP, or whether the Plaintiff waited the requisite six-months before filing his FTCA claim with the Court. Additionally, the Plaintiff's form was not accompanied by a claim for money damages in a sum certain for personal injury as required by 28 C.F.R. § 14.2. The Plaintiff states in his objection that "Plaintiff, Standard Form 95 . . . are signed and dated, has stated the specified amount . . . of his claim for injury, and BOP response dated (Feb./2012)." However, the Plaintiff submitted a Standard Form 95 which clearly lacks a signature, date, and a specified amount of damages. Additionally, the Plaintiff cites a BOP response dated February 2012, but such a response was never provided to this Court in

6

any documentation. Nor was such a response alleged in the Plaintiff's Complaint.

Although the Court has concerns regarding whether the Plaintiff exhausted his administrative remedies, the Court cannot dismiss the Complaint *sua sponte* for failure to allege exhaustion of remedies. The Fourth Circuit has affirmatively held that "exhaustion of administrative remedies is not a pleading requirement." ***Anderson v. XYZ Correctional Health Services, inc.***, 407 F.3d 674, 675 (4th Cir. 2005). Rather, exhaustion of administrative remedies is "an affirmative defense to be raised by the defendant." ***Id.*** at 677. Because the Defendant did not yet raise nor prove this affirmative defense, the Court does not adopt this portion of the magistrate judge's R & R and **GRANTS** the Plaintiff's first objection.

**B.     Failure to State a Claim**

The FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees acting within the scope of their employment. **28 U.S.C. § 1346(b)(1)**. As a result of this limited waiver of sovereign immunity, the FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." ***Medina v. United States***, 259 F.3d 220, 223 (4th Cir. 2001). Because the alleged negligent acts occurred at F.C.I. Gilmer in West Virginia, the substantive law of West Virginia controls this matter.

**1.     Procedural Requirements**

The Plaintiff has attempted to allege a medical negligence claim. Prior to filing an action against a health care provider, a Plaintiff must comply with the requirements of West

7

Virginia Code § 55-7B-6. That section requires the following prerequisites:

> [a]t least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) [t]he expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted.

**W. VA. CODE § 55-7B-6(b)**.

Plaintiff Morris contends his case falls within the following exception to subsection 6(b):

> Notwithstanding any provision of this code, if a claimant or his counsel, believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.

**W. VA. CODE § 55-7B-6(c).** Morris argues that "a screening certificate was not required because the facts of his claim, a[ ] 60 days delay of diagno[sis] or treatment of a broke hand to be given x-rays and a hand brace are 'non-complex matters of diagnosis and treatment within the understand of lay jurors by resort to common knowledge and experience, so that expert testimony is not required on the accepted standard of care." [Doc. 23].

8

The Court rejects the Plaintiff's argument for several reasons. First, the Plaintiff failed to comply with any of the procedural requirements prior to the filing of this action. Compliance with the requirements in W. Va. Code § 55-7B-6 is mandatory prior to filing suit in federal court. *See* **Stanley v. United States**, 321 F. Supp. 2d 805, 806-07 (N.D.W. Va. 2004). Even if the Plaintiff believed he fell within the exception of W. Va. Code § 55-7B-6(c), the Plaintiff failed to file a "statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit." Thus, the Plaintiff failed to comply with the requirements of the exception.

Second, the Plaintiff failed to comply with the requirements of W. Va. Code § 55-7B-6(b) and does not fall within the exception. Morris relies on the holding in *Totten v. Adongay*, 337 S.E.2d 2 (W. Va. 1985) where the West Virginia Supreme Court of Appeals determined that the common knowledge exception to the expert testimony requirement applied because "the treating physician testified that the fracture was shown on the x-ray, and was only one inch away from the point where the physician says the patient was complaining of pain." *Id.* at 638. In *Totten*, the treating physician failed to see the fracture in an x-ray, even though the fracture was clearly visible on the x-ray. Thus, the rare exception to the general rule applied. In West Virginia, "the general rule [ ] in medical malpractice cases negligence or want of professional skill can be proved only by expert witnesses." **Banfi v. Am. Hosp. for Rehab.**, 529 S.E.2d 600, 605 (W. Va. 2000). A court shall require expert testimony except where the "lack of care or want of skill is so gross, so as to be apparent, or the alleged breach relates to noncomplex matters of diagnosis and treatment within the understanding of lay jurors by resort to common knowledge and

9

experience." *Id.* In this case, Plaintiff Morris alleges that the medical staff at F.C.I. Gilmer failed to take x-rays in a timely manner, to render the proper diagnosis, and to prescribe the correct treatment for an alleged broken hand. An expert witness is necessary to establish the applicable standard of care and to assist the jury in determining whether the medical staff at F.C.I. Gilmer deviated from that standard and proximately caused Morris's injuries. *See* **Giambalvo v. United States**, 2012 WL 984277 *5, Civil Action No. 1:11CV14 (N.D.W. Va. Mar. 22, 2012) (holding plaintiff not excused from filing a certificate of merit because he had not established the applicable standard of care for the treatment of his toe that was allegedly bandaged too tightly by physician and resulted in permanent injury).

Third, Plaintiff inaccurately asserts that the doctrine of *res ipsa loquitur* applies to his case. As explained above, expert testimony is required to establish the requisite standard of care, a deviation from that standard, and causation. Thus, under West Virginia law, the doctrine of *res ipsa loquitur* may not be relied upon in such circumstances. *See* **Neary v. Charleston Area Med. Ctr., Inc.,** 460 S.E.2d 464 (W. Va. 1995) (holding *res ipsa loquitur* could not apply because the Plaintiff's injury "could have occurred without anyone's negligence); **Farley v. Meadows**, 404 S.E.2d 537 (W. Va. 1991) (holding that *res ipsa loquitur* applied because the presence of a surgical sponge or scalpel in a person's body leaves only one inference: that the foreign object was left in the body from surgery).

Last, Plaintiff relies upon the holdings in *Giambalvo* and *Westmoreland v. Vaidya*, 664 S.E.2d 90 (W. Va. 2009), which do not support his position. The West Virginia Supreme Court of Appeals held that the "purposes of requiring a pre-suit notice of claim and screening certificate of merit are (1) to prevent the making and filing of frivolous

medical malpractice claims and lawsuits; and (2) to promote the pre-suit resolution of non-frivolous medical malpractice claims." Syl. Pt. 2, **Hinchman v. Gillette**, 618 S.E.2d 387 (W. Va. 2005). Thus, "a principal consideration before a court reviewing a claim of insufficiency in a notice or certificate should be whether a party challenging or defending the sufficiency of a notice and certificate has demonstrated a good faith and reasonable effort to further the statutory purpose." **Westmoreland**, 664 S.E.2d at 96 (citing Syl. Pt. 6, **Hinchman**, 618 S.E.2d 387); see also **Giambolvo**, 2012 WL 984277 *5 (holding the Plaintiff proceeded in a "good faith belief that he could litigate his cause under the exception in subsection 6(c), and his filing of document 'In Lieu of Medical Screening Certificate of Merit' supports his good faith belief."). Plaintiff has not demonstrated a good faith and reasonable effort to further the statutory purpose. Plaintiff has made no attempts to comply with the requirements of W. Va. Code § 55-7B-6(b), (c). Rather, only after the procedural requirements were raised in the magistrate judge's R & R did the Plaintiff contend he fell within the exception. Unlike the Plaintiffs in *Giambalvo* and *Westmoreland,* who asserted the exception in W. Va. Code § 55-7B-6(c) applied to their case and filed statements "specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit," Plaintiff Morris did not file a statement specifically setting forth the basis of the alleged liability of the health care providers at F.C.I. Gilmer. Accordingly, because the Plaintiff has not satisfied the pre-suit requirements under W. Va. Code § 55-7B-6(c), his claim must be dismissed.

### 2. Substantive Requirements

After a plaintiff complies with the procedural prerequisites for filing an action against a health care provider, a plaintiff must also allege a prima facie case of medical negligence. If the claim involves allegations that a plaintiff was not properly diagnosed or treated, the healthcare provider proximately caused the plaintiff's injuries or an assessment of the same, expert testimony may be required. Thus, under West Virginia law, a plaintiff must allege the following:

> (1) the health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (2) such failure was a proximate cause of the injury or death.

**W. VA. CODE § 55-7B-3.** As explained above, in this case, the alleged breach of the standard of care requires expert testimony and is not within the common knowledge exception. The Plaintiff has completely failed to allege the proper standard of care, the health care providers failure to exercise such standard of care, and that such failure proximately caused the Plaintiff's injury.

Accordingly, this Court hereby **OVERRULES** the Plaintiff's second Objection to Magistrate Judge Joel's R & R and **FINDS** the Plaintiff's Complaint must be dismissed.

### V. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 21]** should be, and is, hereby **ORDERED ADOPTED IN PART** for the reasons more fully stated herein. The Plaintiff's first Objection **[Doc. 23]** is **GRANTED**, but the Plaintiff's second Objection **[Doc. 23]** is **OVERRULED**.

Accordingly, the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. As such, this Court **DIRECTS** the Clerk to strike this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: December 5, 2012.

GINA M. GROH
UNITED STATES DISTRICT JUDGE